EDWARD A. DUFRESNE, JR., Chief Judge.
|2On August 19, 2005, the Jefferson Parish District Attorney filed a bill of information charging defendant, Ronnie Trufant, with distribution of marijuana in violation of LSA-R.S. 40:966 A. At the August 22, 2005 arraignment, defendant pled not guilty. On May 16, 2006, the trial court heard and denied defendant’s motion to suppress the evidence and identification. On April 10, 2007, defendant waived his right to a jury trial, and the trial court found him guilty as charged. The trial judge thereafter sentenced defendant to imprisonment at hard labor for eight years. Defendant now appeals.

FACTS

On May 5, 2005, Gene Dixon, an undercover officer with the Jefferson Parish Sheriffs Office, went to James and Jordan Streets in Jefferson Parish to purchase narcotics due to complaints of drug activity. At approximately 1:30 p.m., Officer Dixon observed defendant sitting by a stairwell or doorway. He asked defendant if he had some marijuana, telling him that he wanted “five for twenty,” [.¡which meant five bags of marijuana for twenty dollars. Defendant got into the passenger side of the officer’s unmarked vehicle and told Officer Dixon that he only had two bags. Officer Dixon agreed to buy the two bags, and they drove together to a store. When they arrived, Officer Dixon got change for his twenty dollar bill from the clerk. Af-terwards, he turned around and gave defendant ten dollars, and defendant, in turn, gave Officer Dixon two bags of marijuana.[1] Officer Dixon then walked out of the store, got into his vehicle, and drove off, leaving defendant behind.
Officer Dixon provided a description of defendant and the location where the transaction occurred over the radio to the surveillance team. He informed them that defendant was a black male wearing a white, long-sleeved t-shirt and blue jeans. After receiving this information, Officers Rene Lacombe and Nick Catone proceeded to the area and observed a subject, who matched this description, peering into vehicles. When the officers exited their vehicle, they approached defendant. Before they could ask him anything, defendant pushed Deputy Catone and ran. Officer Lacombe got back into his car, drove around the block, and blocked defendant’s path with his vehicle. Officer Lacombe got out of his car and apprehended defendant.
The next day, Officer Dixon positively identified defendant in a photographic lineup as the person who sold him the marijuana. He also positively identified defendant in court.

*31
ANDERS BRIEF

On appeal, defendant’s appellate counsel filed a brief pursuant to the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that he has | thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. The Anders procedure used in Louisiana was discussed in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir. 1990), sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), adopted for use by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110, and expanded by the Louisiana Supreme Court in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam).
To comply with Jyles, appellate counsel must not only review the procedural history of the case and the evidence presented at trial, but also his brief must contain “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, 704 So.2d at 242 (quoting State v. Mouton, 653 So.2d at 1177).
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm defendant’s conviction and sentence. State v. Bradford, 676 So.2d at 1110.
In the present case, we find that defendant’s appellate counsel has complied with all the requirements necessary to file an Anders brief. Specifically, defense counsel set forth the procedural history of the case as well as the evidence presented at trial. His brief also contained several specific issues and the reasons they did not have merit, thereby providing a detailed and reviewable assessment of whether the appeal was worth pursuing.
|sIn addition, defendant’s appellate counsel sent a letter to defendant informing him that he filed a brief on his behalf and a motion to withdraw, and that defendant had the right to file a supplemental brief. Likewise, this court sent defendant a letter, by certified mail, informing him that a brief had been filed and also that he had until January 11, 2008 to file a supplemental brief. Defendant has not filed a supplemental brief as of the date of this memorandum.
Moreover, our independent review of the record has disclosed no non-frivolous issues and no rulings which arguably support an appeal. We have also conducted an error patent review pursuant to LSA-C.Cr.P. art. 920. Our review reveals no error patent that would warrant reversal or require corrective action.
Accordingly, appellate defense counsel’s motion to withdraw is granted and defendant’s conviction and sentence are hereby affirmed.

AFFIRMED.

. Officer Dixon field-tested the substance and the test was positive for marijuana. Also, at trial, the State and the defense stipulated that the substance tested in connection with this case was marijuana.